IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHANIEL MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-58-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Nathaniel Martinez tendered to this Court a pleading attempting to initiate a federal habeas corpus proceeding. (ECF 3). However, Petitioner did not: (1) utilize the form Petition for a Writ of Habeas Corpus by a Person in State Custody adopted by the United States District Court for the Northern District of Texas; nor (2) submit with his pleading any payment to satisfy the requisite filing fee or submit an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. (*See* ECF 4 at 1–2).

On March 26, 2021, the Court entered an Order Temporarily Granting Permission to Proceed *in Forma Pauperis* Pending Supplementation and Order to Submit Form Petition. (*Id.*). The Court ordered Petitioner to submit a properly completed Petition for a Writ of Habeas Corpus by a Person in State Custody within thirty (30) days of entry of the Court's order. (*Id.* at 1). The Court also temporarily granted Petitioner permission to proceed *in forma pauperis* pending submission of a form Application to Proceed *in Forma Pauperis* and a certified *in forma pauperis* data sheet from the penal institution in which he is incarcerated or, alternatively, receipt of the $5.00 filing fee. (*Id.* at 2). The Court ordered Petitioner, within thirty (30) days, to: (1) submit the form application and data sheet; (2) pay the filing fee to the United States District Clerk; or (3) submit evidence that Petitioner has authorized the institution to disburse the requisite funds from

his trust account by properly completing and submitting to the institution a Form I-25 entitled "Inmate Request for Withdrawal." (*Id.*). The Court warned that failure to do so would result in an immediate recommendation for the dismissal of the case without further notice. (*Id.*).

As of this date, Petitioner has failed to respond to the Court's Order and has not attempted to communicate with the Court in any way—other than filing a Motion for Evidential Hearing, which was denied on April 27, 2021. (ECF 5; ECF 6). The Court has given Petitioner ample opportunity to comply with its Order, yet Petitioner has failed to follow the Court's direct orders. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). The undersigned finds Petitioner's failure to comply with this Court's March 26, 2021 order warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application (ECF 3) filed by Petitioner Nathaniel Martinez be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 17, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).